# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY D. HALL, # 307-746 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. CCB-07-2182 |
| GOVERNOR MARTIN O'MALLEY[1] | * | |
| Defendant | * | |

oOo

## MEMORANDUM

Before the court is Timothy D. Hall's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 and motion to proceed in forma pauperis. Hall, an inmate at the Maryland Correctional Institution in Hagerstown, Maryland, alleges violations of his rights under the Eighth and Fourteenth Amendments because 1) he was placed in a double cell as a result of a lockdown and 2) he is being denied adequate medical care for an inguinal hernia. As relief, he asks the court to "eliminate double celling" at the prison and to award him damages. The court will grant the motion to proceed in forma pauperis, dismiss the double celling claim, and grant plaintiff thirty days to supplement the medical claim.

**Standard of Review**

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In evaluating the claims presented, the court accepts as true all well-pleaded allegations of fact and views them in the light most favorable to plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421-22

---

[1] Although plaintiff names "Martin O'Malley, et al." as defendants, the complaint in fact contains allegations against only one defendant, Governor O'Malley.

(1969). While the court is mindful that Hall is a pro se litigant and has accorded his pleading liberal interpretation, this does not mean that the court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir.1990).

**Analysis**

   **Placement in Double Cell**

   Although the Fourteenth Amendment prohibits a state from depriving "any person of life liberty, or property, without due process of law, " conviction and imprisonment reduce the protected liberty interests for prisoners during their incarceration. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Incarceration, however, "does not strip a prisoner of all liberty interests." *Id*. Such interests are generally those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment in violation of the Eighth Amendment. *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

   A prisoner, however, has no constitutionally protected interest in a single bunk cell. *See Rhodes* , 452 U.S. at  350 (double celling inmates, standing alone, does not constitute a constitutional violation). In this case, Hall generally claims that double celling and overcrowding cause "psychological and physical harm by subjecting claimant to potential danger of fear of assault from inmates...." Hall, however, does not allege that he has sustained any specific physical or psychological injury. As presented here, Hall's double celling claim fails to state a cognizable

2

federal cause of action. Consequently, the claim will be dismissed.

**Medical Claims**

In order to state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendant's actions or failure to take action amount to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mere negligence or disagreement with a treatment decision is not sufficient. The court will grant Hall thirty days to supplement his claim to provide: 1) the names of the persons who denied him medical care or were deliberately indifferent to his serious medical needs; 2) the dates these actions took place; and 3) his efforts to obtain medical treatment.[2] Plaintiff is cautioned that failure to timely comply may result in dismissal of his claim without prejudice.

**Conclusion**

For these reasons, the court will dismiss the double cell claim, and grant plaintiff thirty days to supplement the remaining claim. A separate order follows.

  September 14, 2007                                    /s/
Date                                          Catherine C. Blake
                                              United States District Judge

---

[2] The court will direct the Clerk to mail a §1983 form and information packet to plaintiff. Plaintiff should complete the form and return it to the Clerk within thirty days.